UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

CASE NO 4:23-cv-00813-HEA

TIMOTHY SIMMS,
individually and on behalf of all others
similarly situated,

*Plaintiff*,

v.

12FIFTEEN DIAMONDS, LLC D/B/A
DIAMOND NEXUS.,

*Defendant.*

_____/

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT

Plaintiff Timothy Simms ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully files this Memorandum of Law in Support of Motion for Default Judgment against Defendant and states as follows:

**I.      INTRODUCTION**

Plaintiff filed his Complaint against 12Fifteen Diamonds, LLC d/b/a Diamond Nexus ("Defendant") on June 23, 2023 [ECF No. 1] to recover damages caused by Defendant's spam text messages, sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") after Plaintiff had already requested to be opted-out of further messages from Defendant. "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.' … In plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344, 207 L Ed 2d 784 (2020). "Being deluged with 'spam' telemarketing phone calls or text messages is the bane of modern life…. One of the purposes of the TCPA was to prevent marketers from using 'autodialing' technology to

call phone numbers en masse." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022). "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

The Complaint was properly served upon Defendant on June 28, 2023. [ECF No. 5]. Defendant did not plead or otherwise defend within the time allotted by the Federal Rules of Civil Procedure. Accordingly, on September 19, 2023, the Clerk entered an Entry of Default as to the Defendant [ECF No. 7]. Plaintiff is entitled to Judgement by Default against Defendant.

## II.   FACTS

On or about February 12, 2023, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 3641 (the "3641 Number"). Complaint at ¶ 10. The text messages concluded with opt-out instructions such as "Text 'STOP' to be ordinary." *Id*.

On February 22, 2023, Plaintiff responded with the word "STOP" in an attempt to opt-out of any further text message communications with Defendant. *Id.*, at ¶ 11. Despite Plaintiff's use of Defendant's preferred opt-out language, Defendant ignored Plaintiff's opt-out demand and continued to send Plaintiff further text messages, approximately 200 more text messages up through June 20, 2023. *Id.*, at ¶ 12.

Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e. selling Plaintiff Defendant's jewelry. *Id.*, at ¶ 14. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B). *Id.*, at ¶ 17.

At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. *Id.*, at ¶ 14. Even assuming *arguendo*, that there was consent, that consent was expressly revoked when Plaintiff responded "STOP" on February 22, 2033. *Id.*, at ¶ 21.

Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1). *Id.*, at ¶ 18. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2). *Id.*, at ¶ 19.

Plaintiff is the subscriber and sole user of the 3641 Number and is financially responsible for phone service to the 3641 Number. *Id.*, at ¶ 22. Plaintiff is the residential subscriber of the cell phone number 314-230-3641. *See* Affidavit of Timothy Simms at ¶ 6. The text messages originated from telephone number 414-626-1269, a number which is owned and operated by Defendant or on behalf of Defendant. *Id.*, at ¶ 23.

Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. *Id.*, at ¶ 24. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life. *Id*.

### III.     MEMORANDUM OF LAW

Rule 55(a) states that the Clerk shall enter a party's default when the party " . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Defendant had 20 days after being served with the Summons and Complaint to file an answer, a motion permitted by Rule 12, or a motion for an extension of time in which to respond. Put simply, "the default mechanism is necessary to deal with wholly unresponsive parties who otherwise could cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." *Fornix*

*Holdings LLC v. Pepin*, 2023 WL 4488976 at *2 (D. Ariz. July 12, 2023), citing 2 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 55, at 119-20 (2020).

The Defendant did not plead or otherwise defend within the 20 day period. Accordingly, pursuant to Rule 55(a) and at Plaintiff's request, the Clerk made an Entry of Default with respect to Defendant. [ECF No. 7]. Upon a party's default and the Clerk's Entry of Default, the Court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2).

The Complaint contains one cause of action, Defendant's violations of TCPA 47 U.S.C. § 227, as well as five Claims for Relief. With respect to this present Motion, Plaintiff is only moving for judgment with respect to Claim b), "[a]n award of actual and statutory damages for Plaintiff" based on Defendant's knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(c)(5).

The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time

> the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 C.F.R. § 64.1200(e).

Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) (The FCC has determined that a text message falls within the meaning of "to make any call" in 47 U.S.C. § 227(b)(1)(A)).

Plaintiff made an express request to Defendant not to receive calls from Defendant. Complaint at ¶ 11. Despite Defendant's knowledge of Plaintiff's express revocation of his consent, Defendant refused to honor Plaintiff's requests and continued to bombard Plaintiff's telephone with unsolicited text messages.

Because Plaintiff received more than one text message after his opt-out request within in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as

described above, Defendant knowingly and/or willfully violated 47 U.S.C. § 227(c)(5). As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every text message that represents a knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5). As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, 847 F.3d 1037, 1043 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

### IV.   CONCLUSION

Pursuant to Rule 55(b)(2), Plaintiff respectfully requests that Default Judgment be entered by the Court against Defendant as to Plaintiff's Claim for Relief as follows:

a. On its Second Claim for Relief, pursuant to Count One, against Defendant for the sum of $301,500.00 (representing statutory damages in the amount of $1,500.00 for each of the 201 text messages sent to Plaintiff after Plaintiff expressly revoked his consent) for Defendant's knowing and/or willful violations of 47 U.S.C. § 227; with post-judgment interest thereon at the applicable federal rate, from the date of judgment until the date the judgment is satisfied.

A proposed entry of default judgment by the Court is attached hereto as "**Exhibit A.**"

Date: October 6, 2023

Respectfully submitted,

*/s/ Andrew J. Shamis*
Andrew J. Shamis
101754 (FL)
E-mail: efilings@shamisgentile.com
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and mailed to Defendant, via certified USPS mail, at 5050 W ASHLAND WAY, FRANKLIN, WI 53132.

**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave., Suite 705
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
Email: efilings@shamisgentile.com

By:   /s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
101754 (FL)

*Counsel for Plaintiff.*