# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SIMMS, | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00813-HEA |
| | ) |
| 12FIFTEEN DIAMONDS, LLC D/B/A | ) |
| DIAMOND NEXUS | ) |
| | ) |
| Defendant/Judgment Debtor. | ) |
| | ) |
| | ) |
| | ) |

## GARNISHEE FOREVER COMPANIES, INC.'S
## MEMORANDUM IN SUPPORT OF MOTION TO QUASH

Pursuant to Fed. R. Civ. P. 69 and Missouri Supreme Court Rule 90.18, Garnishee Lautrec Corporation a/k/a Forever Companies, Inc. ("Forever"), moves this Court for an Order quashing the Summons to Garnishee, Writ of Execution, and Interrogatories to Garnishee (collectively, the "Garnishment") issued by Plaintiff and Judgment Creditor Timothy Simms ("Judgment Creditor") to Forever as Garnishee. As set forth below, the Court should quash the Garnishment because it is improper and unenforceable outside the bounds of the federal district in which it was issued.

## BACKGROUND

On June 23, 2023, Judgment Creditor filed a class action lawsuit against Defendant and Judgment Debtor 12Fifteen Diamonds, LLC ("12Fifteen"). (ECF No. 1.) On September 19, 2023, the Clerk entered an Entry of Default against 12Fifteen. (ECF No. 7.) Later, on February 1, 2024, the Court entered a Default Judgment against 12Fifteen on Judgment Creditor's Second Claim for Relief in the amount of $301,500.00. (*See* ECF No. 11.)

On June 17, 2024, Judgment Creditor filed an Application for Writ of Garnishment seeking

to issue the Garnishment on Forever. (ECF No. 18.) The Court issued the Writ of Execution of Garnishment on June 18, 2024. (ECF No. 19.)

The Garnishment lists a return date of July 31, 2024. (*See* ECF No 19.) Forever now brings this Motion to Quash the Garnishment.

## ARGUMENT

Under Fed. R. Civ. P. 69, "the process to enforce a judgment for the payment of money is by a writ of execution . . . [and] [t]he procedure on execution 'must accord with the procedure of the state where the court is located.'" *Nat'l Sur. Corp. v. Prairieland Constr.*, No. 4:03-CV-73-CDP, 2021 U.S. Dist. LEXIS 235939, *5 (E.D. Mo. Nov. 5, 2021). Because this Court is located in Missouri, Missouri state law governs the garnishment procedure here.

To that end, "[t]he garnishment procedure set forth in [Missouri Supreme Court] Rule 90 governs proceedings in which a plaintiff creditor (the garnishor) seeks to satisfy its claim with the property or money of a third party (the garnishee) which is owed to, or otherwise belongs to, the defendant debtor."). *Id.* That is precisely this situation here: Plaintiff and Judgment Creditor (the Garnishor) is seeking to satisfy its claim against 12Fifteen (Defendant and Judgment Debtor) with any property or money of Forever (the Garnishee) which is owed to, other otherwise belongs to, 12Fifteen.

Missouri Supreme Court Rule 90 sets forth a procedure for a party seeking to stay, set aside, or quash a garnishment. *See* Mo. Sup. Ct. R. 90.18. Indeed, the rule states:

> At any time after services of the summons and writ of garnishment, but not later than 90 days after any specific payment shall have been made by the garnishee to the garnishor with respect to that specific payment, any person against whom such writ has been issued may file with the issuing court a motion setting forth good cause for why such garnishment ought to be stayed, set aside, or quashed. Reasonable notice of the time of the hearing on the motion shall be given to all interested parties.

*Id.*; *see also Nat'l Sur. Corp.*, 2021 U.S. Dist. LEXIS 235939, at *5. Here, there is good cause to quash the Garnishment because the Judgment Creditor is seeking to enforce the Garnishment outside the bounds of the federal district the Garnishment was issued.

District courts have routinely held that a garnishment, including a writ of garnishment and execution, is enforceable only "within the bounds of the federal district in which it was issued." *Myers v. Critter Control of the Gulf Coast, LLC*, No. 12-00015-N, 2013 U.S. Dist. LEXIS 161401, at *2 (S.D. Ala. Nov. 8, 2013); *see also Akf, Inc. v. Royal Pets Mkt.*, No. 8:23-mc-00016-MSS-AEP, 2023 U.S. Dist. LEXIS 160565, at *2 (M.D. Fla. Sept. 11, 2023) ("A writ of garnishment will only be enforceable within the bounds of the federal district in which it was issued."); *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 U.S. Dist. LEXIS 73278, at *10 (W.D. Va. July 8, 2021) ("A garnishment summons is therefore only enforceable within the territorial limits of the writ of execution it accompanies."). Moreover, "[i]n issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished." *Akf*, 2023 U.S. Dist. LEXIS 160565.

Here, the Judgment Creditor's Garnishment was issued and directed to Forever as Garnishee, and the listed address for Forever in the Garnishment was 3456 S. 82nd St., Milwaukee, Wisconsin 53219. (*See* ECF No. 19 at 1.) That address is not located in the Eastern District of Missouri – rather, it is in the Eastern District of Wisconsin.[1] Thus, the Garnishment is improper because it was not domesticated where Judgment Creditor is seeking to enforce the Garnishment – the Eastern District of Wisconsin. Numerous courts have refused to issue or enforce garnishments for this very reason. *See, e.g., Akf*, 2023 U.S. Dist. LEXIS 160565, at *2-3; *Myers*,

---

[1] Moreover, Forever is not registered to do business in Missouri, and, upon information and belief, Forever does not own or maintain any assets or property in Missouri. (Declaration of Lindsey Saletta, ¶¶ 2-3.)

2013 U.S. Dist. LEXIS 161401, at *2-5; *D'Oro*, 2011 U.S. Dist. LEXIS 73278, at *6-15; *Trout Point Lodge, Ltd. v. Handshoe*, No. 1:12CV90-LG-JMR, 2014 U.S. Dist. LEXIS 194810 (S.D. Miss. Nov. 24, 2014) ("The Court is of the opinion that because the proposed garnishees are not located in this district, it has no authority to order those companies pay money . . . even if they are indeed indebted to Plaintiffs.").

Accordingly, the Court should quash the Garnishment and – to the extent Judgment Creditor seeks to enforce the Garnishment in a foreign jurisdiction (like it is attempting to do here) – the Court should require Judgment Creditor to properly domesticate its judgment against 12Fifteen in any such foreign jurisdiction.

## CONCLUSION

For the reasons set forth herein, good cause exists to quash the Judgment Creditor's Garnishment to Forever. Forever therefore respectfully requests the Court enter an Order quashing the Garnishment.

WHEREFORE, Garnishee Lautrec Corporation a/k/a Forever Companies, Inc. respectfully requests that the Court quash the summons to garnishee, writ of execution, and interrogatories directed to Forever and for such other and further relief as this Court deems just.

Respectfully submitted,

**STANTON | BARTON LLC**

BY: */s/ Jonathan T. Barton*
Jonathan T. Barton 47260MO
8000 Maryland Ave | Ste 450
St. Louis | Missouri | 63105
Phone: (314) 455-6500
Facsimile: (314) 455-6524
jbarton@stantonbarton.com

AND:

**MICHAEL BEST & FRIEDRICH LLP**
Adam E. Witkov, #1066529
*(to be admitted PHV)*
aewitkov@michaelbest.com
Peter T. Sandvick, #1114549
ptsandvick@michaelbest.com
*(to be admitted PHV)*
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Ph: 414.271.6560
Fax: 414.277.0656

*Attorneys for Garnishee, Lautrec Corporation a/k/a Forever Companies, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 30th day of July, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

BY:  */s/ Jonathan T. Barton*