**IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION**

**TIMOTHY SIMMS,**

    **Plaintiff/Judgment Creditor,**

      **v.**                            **Case No. 4:23-cv-00813-HEA**

**12FIFTEEN DIAMONDS, LLC D/B/A
DIAMOND NEXUS**

    **Defendant/Judgment Debtor.**

**MEMORANDUM IN OPPOSITION TO GARNISHEE FOREVER COMPANIES, INC.'S
MOTION TO QUASH**

Pursuant to Local Rule 4.01 (FRCP 7) Motions and Memoranda, Plaintiff hereby files this

Memorandum in Opposition to Garnishee Forever Companies, Inc.'s Motion to Quash [DE 21],

within fourteen (14) days of service of the motion, as prescribed by Rule 4.01(B).

**ARGUMENT**

The Garnishee's Motion to Quash presupposes that the locus of the wages payable under

the Writ of Garnishment is the state in which the Garnishee is doing business. The Garnishee's

supposition is wrong. In its own Memorandum of Support of Motion to Quash [DE 22], the

Garnishee cites to *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 U.S. Dist.

LEXIS 73278, at *10 (W.D. Va. July 8, 2021) for the proposition that "[a] garnishment summons

is therefore only enforceable within the territorial limits of the writ of execution it accompanies."

[DE 22 at 3]. However, this very case undermines Garnishee's argument, as it goes on to further

find that, pursuant to well established United States Supreme Court precedent,

> *It is generally the law, however, that intangibles, such as wages, are located where their*
>
> *owner is located.* Id. *at 52 (citing* Delaware v. New York, *507 U.S. 490, 498 (1993)*

and <u>Rush v. Savchuk</u>, 444 U.S. 320, 330 (1980)). It has therefore been held that the locus of wages payable is "the state in which [the debtor] rendered the labor that gave rise to [the garnishee's] obligation to pay wages." <u>Id.</u> at 53.

*Id.* at 9. Therefore, the only issue before this Court is the "locus of the wages payable," to the Debtor by the Garnishee. Given that the Debtor is domiciled in the Eastern District of the State of Missouri, all wages payable to it are "located where their owner is located," pursuant to the United States Supreme Court cases of *Delaware v. New York* and *Rush v. Savchuk, infra*. Despite the alleged domicile of the Garnishee, or whether it conducts business in the State of Missouri, the analysis turns on the location of the wages earned, in this case in the Eastern District of Missouri. As such, Garnishee's Motion to Quash must be denied and they should be instructed to answer the writ and outstanding discovery.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 13th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document will be served upon each party upon appearance of the party, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to electronically receive Notices of Electronic Filing.

By:    **THE GIBSON LAW FIRM, P.A.**
4720 Salisbury Road
Jacksonville, FL 32256
Telephone: 904-493-6021 / 561-501-7858

*/s/ Albert D. Gibson*
Albert D. Gibson
*Pro Hac Vice*, Florida Bar No.: 50765
Primary Email: adg@gibsonlawfirmpa.com