UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SIMMS, | ) |
| Plaintiff/Judgment Creditor, | ) |
| v. | ) Case No. 4:23-cv-00813-HEA |
| 12FIFTEEN DIAMONDS, LLC D/B/A DIAMOND NEXUS | ) |
| Defendant/Judgment Debtor. | ) |

**GARNISHEE FOREVER COMPANIES, INC.'S
REPLY IN SUPPORT OF MOTION TO QUASH**

Garnishee Lautrec Corporation a/k/a Forever Companies, Inc. ("Forever") submits this Reply in Support of its Motion to Quash the Garnishment issued by Plaintiff and Judgment Creditor Timothy Simms ("Judgment Creditor") to Forever.

**ARGUMENT**

Judgment Creditor's Memorandum in Opposition to Forever's Motion to Quash (ECF No. 23) fails to provide a proper basis to deny Forever's Motion. Forever's Motion is based on the undisputed legal principle that a garnishment summons is only enforceable within the territorial limits of the writ of execution it accompanies. The Eastern District of Missouri has no jurisdiction over Forever and therefore the Court should quash the garnishment summons.

Judgment Creditor ignores this issue. Instead, Judgment Creditor makes an argument based upon the *Mem'l Hosp. of Martinsville v. D'Oro*, 2011 U.S. Dist. LEXIS 73278 (W.D. Va. July 8, 2021) decision cited in Forever's opening Memorandum. Judgment Creditor argues that its garnishment summons is proper based on *D'Oro*. However, in that case, a doctor (the judgment

debtor) moved to quash a **wage garnishment** issued to his employer (the garnishee). *Id*. at *1-5. In that context, the *D'Oro* court analyzed where the doctor's wages were "located" for purposes of determining whether the garnishee's withholding of a portion of the doctor's paycheck was proper. *See generally id.*[1] That analysis is wholly irrelevant to Forever's Motion.

Indeed, here, Judgment Creditor asserts the Garnishment is enforceable against Forever (as Garnishee) because 12Fifteen (the "Judgment Debtor") is purportedly "domiciled in the Eastern District of the State of Missouri," and "all wages payable to it are 'located where their owner is located.'" (ECF No. 23 at 2.) Setting aside the accuracy of Judgment Creditor's conclusory assertions, this is not a wage garnishment. Judgment Debtor is a corporate entity – not a person – and there are no "wages" to garnish. Thus, Judgment Creditor's argument that the Garnishment is proper and enforceable in the Eastern District of Missouri due to the purported "locus of the wages payable to the [Judgment] Debtor by [Forever]" is inapplicable and irrelevant.

Moreover, Judgment Creditor completely ignores the other cases cited by Forever. Those decisions make clear that a party must demonstrate that a court "not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished." *Akf, Inc. v. Royal Pets Mkt.*, No. 8:23-mc-00016-MSS-AEP, 2023 U.S. Dist. LEXIS 160565, at *2 (M.D. Fla. Sept. 11, 2023); *see also Trout Point Lodge, Ltd. v. Handshoe*, No. 1:12CV90-LG-JMR, 2014 U.S. Dist. LEXIS 194810 (S.D. Miss. Nov. 24, 2014) ("The Court is of the opinion that because the proposed garnishees are not located in this district, it has no authority to order those companies pay money . . . even if they are indeed indebted to Plaintiffs."). Judgment Creditor has failed to establish that this Court has jurisdiction over Forever, or that this Court has jurisdiction over any

---

[1] *D'Oro* also reinforced the notion that a "garnishment summons is . . . only enforceable within the territorial limits of the writ of execution it accompanies." 2011 U.S. Dist. LEXIS 73278, at *10. That is why Forever cited the decision in its principal Memorandum.

property to be garnished. Forever is not located in Missouri, is not registered to do business in Missouri, and, upon information and belief, does not own or maintain any assets or property in Missouri. (*See* ECF No. 22 at 3, 6.) Thus, this Court does not have jurisdiction over Forever, nor does it have jurisdiction over any property that may be subject to garnishment.

## CONCLUSION

For the reasons stated above and in Forever's principal Memorandum in Support of this Motion, Forever respectfully requests the Court enter an Order quashing the Garnishment.

Date: August 22, 2024                                   Respectfully submitted,

**STANTON | BARTON LLC**

BY: */s/ Jonathan T. Barton*
Jonathan T. Barton 47260MO
8000 Maryland Ave | Ste 450
St. Louis | Missouri | 63105
Phone: (314) 455-6500
Facsimile: (314) 455-6524
jbarton@stantonbarton.com

AND:

**MICHAEL BEST & FRIEDRICH LLP**
Adam E. Witkov, #1066529
aewitkov@michaelbest.com
Peter T. Sandvick, #1114549
ptsandvick@michaelbest.com
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Ph: 414.271.6560
Fax: 414.277.0656

*Attorneys for Garnishee, Lautrec Corporation a/k/a Forever Companies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of August, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

BY: */s/ Jonathan T. Barton*