UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY SIMMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-813 HEA |
| ) | |
| 121FIFTEEN DIAMONDS, LLC, ) | |
| d/b/a/ DIAMOND NEXUS ) | |
| ) | |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| LAUTREC CORPORATION a/k/a ) | |
| FOREVER COMPANIES, INC., ) | |
| ) | |
| Garnishee. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Garnishee's Motion to Quash, [Doc. No. 21]. Plaintiff opposes the motion. For the reasons set forth below, the motion will be granted.

On June 23, 2023, Plaintiff filed a class action lawsuit against Defendant 12Fifteen Diamonds, LLC ("12Fifteen"). On September 19, 2023, the Clerk of Court entered an Entry of Default against 12Fifteen. (ECF No. 7.) On February 1, 2024, the Court entered a Default Judgment against 12Fifteen on Plaintiff's Second Claim for Relief in the amount of $301,500.00.

On June 17, 2024, Plaintiff filed an Application for Writ of Garnishment seeking to issue the Garnishment on Garnishee, Forever Companies, Inc. The Court issued the Writ of Execution of Garnishment on June 18, 2024. The Garnishment listed a return date of July 31, 2024.

Forever brought this Motion to Quash the Garnishment on July 30,2024.

Under Rule 69, Federal Rules of Civil Procedure, the process to enforce a judgment for the payment of money is by a writ of execution. The procedure on execution "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). In Missouri, a writ of execution may be carried out by levying upon the property of the debtor, including property subject to garnishment. Mo. S. Ct. R. 76.06. Garnishment is in aid of an execution and is an ancillary remedy to obtain payment of the judgment. *Noble v. Noble*, 456 S.W.3d 120, 128 (Mo. Ct. App. 2015). Levy upon property subject to garnishment is to be made as provided in Missouri Supreme Court Rule 90. Mo. S. Ct. R. 76.06(d). The garnishment procedure set forth in Rule 90 governs proceedings in which a plaintiff creditor (the garnishor) seeks to satisfy its claim with the property or money of a third party (the garnishee) which is owed to, or otherwise belongs to, the defendant debtor. See *FDIC v. Chilton*, No. 1:92CV00064 ERW, 2005 WL 8176417, at *1 (E.D. Mo. Oct. 25, 2005); *Penguin Props., LLC v. King David Fashions*, LLC, 628 S.W.3d 210, 224 (Mo. Ct. App. 2021).

Under Missouri Supreme Court Rule 90.18, any person against whom a writ has been issued may file with the issuing court a motion setting forth "good cause" why the writ should be quashed. If a motion to quash an execution is "on account of any infirmity in the judgment upon which it is rendered, [it] is a collateral attack upon the judgment." *Gary Realty Co. v. Swinney*, 297 S.W. 43. 44 (Mo. banc 1927); see also Noble, 456 S.W.3d at 128.

*Nat'l Sur. Corp. v. Prairieland Constr., Inc.*, No. 4:03 CV 73 CDP, 2021 WL 5774223, at *2 (E.D. Mo. Nov. 5, 2021).

2

Here, Garnishee argues the Court does not have jurisdiction over it to enforce the garnishment. It has provided evidence that it is located outside the jurisdictional boundaries of the Eastern District of Missouri. In Response, Plaintiff directs the Court to *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 WL 2679593 (W.D. Va. July 8, 2011) for the proposition that the location of *wages* is where a garnishment proceeding should be filed. As Garnishee correctly points out, however, it is a corporate entity and Plaintiff is not attempting to garnish wages.

The Court is of the opinion that because the proposed garnishee is not located in this district, it has no authority to order that the company pay money into the Court or to Plaintiff, even if it is indeed indebted to Defendant. The usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to 28 U.S.C. § 1963 and then seek to enforce the judgment within that district. See, e.g., *Lodge v. Handshoe*, No. 1:12CV90-LG-JMR, 2014 WL 12649005, at *1 (S.D. Miss. Nov. 24, 2014); *Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 WL 2679593, at *5 (W.D. Va. July 8, 2011); *Bernhard, v. BCN Recovery*, No. 10-1075, 2010 WL 2179795, at *2 (C.D. Ill. June 1, 2010); see also *Home Port Rentals, Inc. v. Int'l Yachting Group, Inc.*, 252 F.3d 399, 404 (5th Cir. 2001) (discussing 28 U.S.C. § 1963).

Accordingly,

3

**IT IS HEREBY ORDERED** that Garnishee Lautrec Corporation a/k/a Forever Companies, Inc.'s Motion to Quash, [Doc. No. 21], is granted.

Dated this 19th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE